IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 01-00091 |
| | ) |
| **ROBERT DANIEL REYMUNDO,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on petitioner Robert Daniel Reymundo's Motion to Amend or Reduce Sentence (doc. 40). Upon consideration of same, the Court concludes that it is barred as a second or successive § 2255 petition for which Reymundo has not received permission from the Eleventh Circuit.

**I.     Background.**

In September 2001, petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On January 16, 2002, Reymundo was sentenced by Senior District Judge Vollmer to a term of imprisonment of 60 months, plus a four-year term of supervised release. The court file reflects that petitioner never filed a direct appeal of his conviction or his sentence. In October 2003, this Court denied petitioner's request to file an out-of-time appeal. In so ruling, the Court explained that Reymundo had failed to articulate such a request for almost 21 months after judgment was entered, such that the relief he sought was cognizable, if at all, only pursuant to 28 U.S.C. § 2255.

On October 29, 2003, Reymundo filed his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (doc. 29). His petition identified three grounds for relief, including the following: (i) whether his counsel provided ineffective assistance in failing to file a timely notice of appeal, such that Reymundo should be permitted to file an out-of-time appeal; (ii) whether the limitations period for filing his § 2255 motion should be equitably tolled; and (iii) whether petitioner's right to effective assistance of counsel was violated at trial and on direct appeal.

On June 28, 2004, the Court entered an Order (doc. 39) denying Reymundo's § 2255 motion, based on findings that the motion was untimely and that its dilatory submission could not be excused under equitable tolling principles.

Nearly a year after the denial of his § 2255 Motion, petitioner comes forward with a pleading styled a "Motion to Amend or Reduce Sentence." Reymundo couches the Motion as one filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and states in bold, all-caps print that his Motion "is not to be construed as a successive petition pursuant to Title 28 U.S.C. § 2255, nor is this a motion to be considered as presenting a new issue to the court." (Motion, at 2.) Nonetheless, a plain reading of the Motion is that petitioner seeks to have his sentence vacated based on alleged *Apprendi*/*Blakely*/*Booker* error. In particular, Reymundo contends that his sentence is unconstitutional because of (a) an allegedly unconstitutionally vague indictment, which failed to charge him with a specific quantity of cocaine; and (b) an allegedly improper firearm enhancement for which he was not charged and for which the jury made no findings beyond a reasonable doubt. Based on these assignments of error, Reymundo asks the Court to "REDUCE his total combined offense level by (2) two, and thereby shorten his sentence by (14) fourteen months." (Motion, at 15.) There is no indication in the file that petitioner ever requested or received permission from the Eleventh Circuit to file the instant motion.

**II.   Analysis.**

   *A.   Petitioner's Motion is a Second or Successive § 2255 Motion.*

Reymundo's Motion is barred by the second or successive petition restrictions set forth in § 2255. He insists that his Motion is not a § 2255 petition at all. But it clearly is. The claims presented by petitioner are designed to overturn his sentence; hence, he is attempting to use the Rule 60(b) mechanism to circumvent the strict procedural limitations of § 2255. He cannot succeed in that endeavor.[1] After all, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was

---

[1] In that regard, the Court observes that the label Reymundo places on his pleading is irrelevant. Simply put, "[a] federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the AEDPA simply by characterizing her motion as one filed under separate rules or statutes." *United States v. Williams*, 2005 WL 1277930, *1 (M.D. Ala. May 9, 2005); *see also*

enacted to ensure greater finality of state and federal court judgments in criminal cases. To that end, AEDPA greatly restricts the filing of second or successive petitions for relief under § 2254 and § 2255. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (without appellate authorization, district court lacks jurisdiction to consider a second or successive petition); 28 U.S.C. § 2244(b)(3)(A).

Last year, the Eleventh Circuit had occasion to consider the interstices between AEDPA's stringent restrictions on successive petitions and motions filed under Rule 60(b), seeking relief from judgment. In *Gonzalez v. Secretary for Dep't of Corrections*, 366 F.3d 1253 (11th Cir. 2004) (*en banc*), the court observed that the broadly discretionary and equitable provisions of Rule 60(b) "are inconsistent and irreconcilable with the AEDPA's purpose, which is to greatly restrict the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Id.* at 1271.[2] The *en banc* Eleventh Circuit declared in *Gonzalez* that Rule 60(b) motions in habeas cases are properly regarded as applications to file second or successive petitions because "otherwise, petitioners could evade the bar against relitigation of claims presented in a prior application ... or the bar against litigation of claims not presented in a prior application" simply by dubbing a successive petition as a motion for relief from judgment. *Id.* at 1277.[3] The Eleventh Circuit succinctly stated its holding as follows:

---

*Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under" a different section).

[2] Indeed, the *Gonzalez* court went so far as to opine that "[t]he severe restrictions on revisiting final judgments that are contained in § 2244(b) are virtually the antithesis of the broad discretion that Rule 60(b) generally gives courts to reopen them." *Id.*

[3] This reasoning is consistent with that of a number of other jurisdictions that have considered the issue. *See, e.g., Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir.1998) (holding that petitioner's Rule 60(b) motion was an implied application for leave to file a second habeas petition); *United States v. Hernandez*, 158 F. Supp.2d 388, 390 (D. Del. 2001) ("[T]he clear majority of courts considering this issue ... have concluded that a Rule 60(b) motion challenging a previous judgment denying habeas relief may be treated as the functional equivalent of a second or successive habeas petition.") (citing authorities).

> "[A] Rule 60(b) motion seeking to reopen the judgment in a § 2254 or § 2255 case should be denied by the district court, unless it is filed to correct a clerical mistake (meaning it is really a Rule 60(a) motion) or is filed pursuant to Rule 60(b)(3) to remedy a fraud agents of the government perpetrated on the federal court."

*Id.* at 1285-86; *see also Felker v. Turpin*, 101 F.3d 657, 661 (11th Cir. 1996) ("we hold that the successive petition restrictions contained in the amendments to § 2244(b) apply to Rule 60(b) proceedings"). By its terms, the *raison d'etre* of the blanket ruling in *Gonzalez* was to preclude clever habeas petitioners from dodging stringent statutory restrictions on second or successive petitions by filing motions seeking the same relief under the much more liberal Rule 60(b). *Id.* at 1277.[4] This, of course, is precisely what petitioner has done here.

In the wake of *Gonzalez*, the Eleventh Circuit has affirmed a lower court's recharacterization of a Rule 60 motion as a second or successive § 2255 petition under circumstances comparable to those presented here. *See, e.g., Post v. United States*, 2005 WL 956980, *1 (11th Cir. Apr. 26, 2005) (affirming district court's order denying petitioner's Rule 60 motion as an unauthorized successive § 2255 motion, where petitioner simply repackaged claims made in prior § 2255 motion in an attempt to evade AEDPA requirements). The same result applies here. Reymundo is asking the Court to vacate his sentence, which relief is ordinarily cognizable under 28 U.S.C. § 2255. His attempt to camouflage his § 2255 motion as a Rule 60(b) petition in order to sidestep the second or successive petition restrictions cannot be countenanced. Accordingly, the Court finds that the Motion, irrespective of its label, is actually a second or successive habeas petition filed pursuant to § 2255.[5]

---

[4] The Court recognizes that the Supreme Court has granted certiorari in the *Gonzalez* case on the question of whether every motion for relief from judgment, other than a motion based on fraud, constitutes a prohibited "second or successive" habeas petition as a matter of law. *See Gonzalez v. Crosby*, 125 S.Ct. 961 (2005) (granting petition for writ of certiorari). Oral argument was held before the Supreme Court on April 25, 2005, but no ruling has yet been issued. At least for now, the Eleventh Circuit's *en banc* decision in *Gonzalez* remains binding precedent, and this Court is constrained to apply it here.

[5] If Reymundo's Motion really were a *bona fide* Rule 60(b) motion, it would still fail. There has been no showing that any of the six prongs for relief under Rule 60(b) are present here. At most, Reymundo attempts to show that Judge Vollmer's judgment entered in January 2002 was a "mistake," warranting relief under Rule 60(b)(1). But Rule 60(b)(1) requests must be made within one

### B.     *Petitioner's Motion is Unauthorized and Must Be Denied.*

"When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from [the Eleventh Circuit] before filing a successive § 2255 motion." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005). In particular, the law is clear that "[a] second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals...." 28 U.S.C. § 2255. Moreover, a petitioner must seek and obtain this certification "[*b]efore* a second or successive application ... is filed in the district court ...." 28 U.S.C. § 2244(b)(3)(A) (emphasis added).

Petitioner having failed to seek (much less obtain) leave from the Eleventh Circuit before filing his current § 2255 petition in this District Court, this Motion is not properly filed and this Court lacks jurisdiction to consider it. As the Eleventh Circuit has explained:

> "The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive petition."

*Farris*, 333 F.3d at 1216; *see also Lazo v. United States*, 314 F.3d 571, 574 (11th Cir. 2002) ("Failure to petition [the court of appeals] for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and the motion should be dismissed."). The requisite certification will be granted only if the court of appeals finds that the second

---

year after the judgment was entered, which Reymundo has clearly failed to do. Even if the Court could find that Reymundo's Motion was brought pursuant to Rule 60(b)(6), which authorizes relief from judgment for "any other reason justifying relief from the operation of the judgment," the rule is clear that such a motion "shall be made within a reasonable time." Rule 60(b). In the opinion of this Court, the circumstances here cannot support a finding that petitioner's Motion was filed "within a reasonable time," where he tarried nearly three and a half years after the entry of judgment against him before filing the Rule 60(b) motion based on what he contends to be legal principles that "ha[ve] not changed since the 1800's." (Motion, at 2.) Petitioner has offered no explanation for his failure to present these issues earlier, and his request to do so now is patently untimely under the terms of Rule 60(b). Thus, even if his Motion were properly construed as a Rule 60(b) motion rather than a second or successive § 2255 petition, he would not be entitled to the relief he seeks.

petition relates to either (1) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  *Farris*, 333 F.3d at 1216; *see also In re Dean*, 375 F.3d 1287, 1288-89 (11th Cir. 2004).  Because Reymundo's Motion has not successfully traversed this certification process, it must be denied.

### III.    Conclusion.

Under the plain language of § 2255 and the Eleventh Circuit's pronouncements in *Farris*, this Court lacks jurisdiction to consider the instant Motion (which the Court construes as a motion to vacate filed pursuant to 28 U.S.C. § 2255) until and unless petitioner first completes the certification procedure specified in § 2255.  Because Reymundo has not obtained permission from the Eleventh Circuit to file a second or successive petition under the circumstances presented here, the Motion to Amend or Reduce Sentence (doc. 40) is **denied**.  Alternatively, the Motion is due to be denied under Rule 60(b) because it was not brought within a reasonable time.

DONE and ORDERED this 21st day of June, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE